**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                              Case No. 22-14038-LMI

942 PENN RR, LLC.                                                        Chapter 11

      Debtor.
_____/

**JOINT MOTION TO (A) CONSOLIDATE ADVERSARY PROCEEDING
WITH CLAIM OBJECTIONS; AND (B) ABATE ADVERSARY
PROCEEDING AND RELATED DISCOVERY**

Secured Creditors Immokalee Real Estate Holdings, Inc. ("Immokalee"), 1250916 Ontario Limited ("Ontario"), G. Proulx, LLC ("GP") and Marjam Supply of Florida, LLC ("Marjam," and together with Immokalee, Ontario and GP, the "Claimants"), by and through their respective undersigned counsel, move (the "Motion") for the entry of an order consolidating the Debtor's objections to the Claimants claims, *i.e.,* Docket Entries 139, 140, 143 and 146 (collectively, the "Claim Objections,"), with the adversary proceeding styled *Creative Directions, Inc. v. Immokalee Real Estate Holdings LLC, et. al.*, Case N.: 22-14038-LMI (the "Second Adversary Proceeding"), filed by Creative Directions, Inc. ("CDI"), and in support of granting the Motion state:

**I. BACKGROUND**

1.     On May 23, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code.

2.     Pursuant to the Debtor's *Chapter 11 Case Management Summary* [ECF No. 16], the Debtor owns and manages the real property located at 942 Pennsylvania Avenue, Miami Beach, Florida 33139 (the "Property").

3.     The Claimants have secured claims against the Property, as further described in their respective proofs of claim. *See* Claim Nos. 1, 2, 5, 6, 8 & 9 (the "Claims").

4. On June 14, 2022, the Court entered its *Order Granting Motion to Appoint Chapter 11 Trustee*.

5. As set forth in the Court's *Memorandum Opinion on Order Granting Motion to Appoint Chapter 11 Trustee* [ECF No. 72]("Memorandum Order"):

> [T]he equity holders have an incurable conflict of interest. The equity holders - Ofer and Mendez - are focused on their own interests. This is evidenced by actions that they have taken prepetition and postpetition, which underscore both unresolvable conflicts of interest, as well as concerns regarding the accuracy of representations made to this Court.

P. 6, Memorandum Order.

6. On June 28, 2022, the Court entered its *Order Approving Selection of Chapter 11 Trustee*, approving the appointment of Barry Mukamal (the "Trustee").

7. After his appointment, the Trustee commenced efforts to fulfil his statutory duties under Sections 1106(a) and 704(a). However, as set forth in *Trustee Barry E. Mukamal's Amended Expedited Motion to Compel Debtor to (A) Turn Over Documents to the Trustee and (B) File Amended Schedules and SOFA* [ECF No. 165](the "Motion to Compel"), the Debtor has thwarted the Trustee's efforts. Moreover:

> Instead of responding to the Trustee's urgent requests for information and documents, or amending the Debtor's schedules and SOFA, the out of-possession Debtor has spent its time (i) filing self-serving adversary complaints in an effort to ensure that related party, CDI's, purported lien is determined to be superior to the liens of Ontario, Immokalee, Marjam & G. Proulx (see Adv. Procs. 22-1204-BKC-LMI-A & 22-1214- BKC-LMI-A); (ii) filing objections to the claims of Ontario, Immokalee, Marjam & G. Proulx (see ECF Nos. 138-141, 143, 146); (iii) filing a joint Plan with CDI (see ECF No. 148) that also attempts to establish that CDI's lien is deemed superior to the liens of other third-party, noninsider creditors; and (iv) issuing procedurally improper subpoenas to the third-party, non-insider creditors (see ECF Nos. 151 & 153).

¶ 15, Motion to Compel.

8. On July 10, 2022, the out-of-possession Debtor filed a *Complaint to Determine Priority of Liens on Debtor's Property*, assigned case number 22-01204 (the "First Adversary Proceeding"), seeking, among other things, a determination that CDI – an entity owned and controlled by the Debtor's principals – has a first-priority lien against the Property, and to establish the priorities of the other liens against the Property.

9. On July 21, 2022, the Debtor filed a *Notice of Voluntary Dismissal Without Prejudice* of the First Adversary Proceeding.

10. That same day, CDI filed the Second Adversary Proceeding, again seeking a determination that CDI has a first-priority lien against the Property, and to establish the priorities of the other liens against the Property. The Second Adversary Proceeding also seeks to equitably subordinate the claims of Immokalee and Ontario.

11. Between July 30, 2022 and August 3, 2022, the Debtor filed the Claim Objections.

12. Notwithstanding the pendency of the Claim Objections and Second Adversary Proceeding, the Debtor also issued Rule 2004 discovery subpoenas to Immokalee and Ontario. *See* ECF Nos. 151 & 153 (the "Subpoenas").

13. While issues regarding the validity, priority and extent of the Claims may ultimately need to be adjudicated by this Court, the Claimants respectfully submit that now is not the time to do it.

14. The Trustee must first be given an opportunity to familiarize and educate himself with the business operations of the Debtor.

15. Given that the Debtor has already consented to and proposed a sale of the Property[1], it is of critical importance to keep the Claimants' fees and costs – all of which are recoverable

---

[1] The *Joint Plan of Reorganization of 942 Penn RR, LLC and Creative Directions Inc. Under Chapter 11 of Title 11, United States Code* proposes to implement the Plan through a sale of the property.

against the Estate under 11 U.S.C. § 506(b)[2] – to a minimum, while the Trustee fulfills his duties to, among other things, ensure the future marketability of the Property.

16. Accordingly, the Claimants respectfully submit that cause exists to: (a) consolidate the Claim Objections with the Second Adversary Proceeding; (b) abate the Second Adversary Proceeding; and (c) abate the necessity of responding to the Subpoenas.

## II. MOTION TO CONSOLIDATE AND ABATE

### A. The Claim Objections and Second Adversary Proceeding Should be Consolidated

17. Federal Rule of Civil Procedure 42, as incorporated by Bankruptcy Rule 7042 and made applicable to contested matters pursuant to Bankruptcy Rule 9014, states:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>> (1) join for hearing or trial any or all matters at issue in the actions;
>> (2) consolidate the actions; or
>> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

18. Bankruptcy courts have authority to consolidate proceedings that "involve a common party and common issues of fact or law." *In re Wen Jing Huang*, 509 B.R. 742, 747 (Bankr. D. Mass. 2014)(citing *Cruickshank v. Clean Seas Co.*, 402 F.Supp.2d 328, 340 (D.Mass.2005)). Once there exist common issues of law and fact, bankruptcy courts weigh the costs and benefits associated with consolidating the proceedings. *Id.* at 747-748 (citing *Cruickshank*, 402 F.Supp.2d at 340-341).

---

[2] *See* 11 U.S.C. § 506(b)(stating that "[t]o the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose"); ¶ 4, *Debtor's Supplemental Declaration of Raziel Ofer in Further Support of Its Verified Response to Motion for Appointment of Chapter 11 Trustee* [ECF No. 55](stating, under penalty of perjury, that "[t]he building has equity of well over $12MM, so all of the Debtor's creditors are more than 20 times secured); ¶ 18, *Sworn Declaration of Raziel Ofer in Support of Emergency Motion to Vacate Order Granting Motion to Appoint Chapter 11 Trustee* [ECF No. 79](stating, under penalty of perjury, that "[t]here is well over $10M in equity in the building, after paying all creditors").

19. The issues related to the Claim Objections and Second Adversary Proceedings involve common parties, *i.e.*, the Debtor, CDI and the Claimants, and the common issues of law, *i.e.*, the validity, priority, and extent of the Claims.

20. The filing of the Claim Objections by the Debtor at the same time as the Second Adversary Proceeding is a thinly veiled attempt by the Debtor and its principals to force the Claimants to litigate their validity of the Claims – which in some cases, have already been litigated to near-conclusion in State Court – on multiple fronts.

21. Having parallel proceedings advance on separate tracks, to resolve similar disputes, regarding the same or similar facts and law, does not benefit the Estate, its creditors, or judicial economy.

22. Instead, consolidation of the Claim Objections into the Second Adversary Proceeding best serves to limit costs and maximize the ultimate benefits to the Estate.

23. Accordingly, the Claimants submit the Claim Objections and Second Adversary Proceeding should be consolidated.

**B.  After Consolidation, the Second Adversary Proceeding Should Be Abated**

24. Courts in the Southern District of Florida have summarized the doctrine of abatement by as follows:

> Rooted in notions of judicial economy, the doctrine of abatement offers courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues ripen. This preservation of issues serves the dual purpose of empowering courts to heighten adjudicative efficiency and avoiding unnecessary repetition in filing or other waste of limited private resources. For obvious reasons, courts continually seek to make use of such opportunities for maximizing efficiency. In the short run, the quantity of Federal judicial resources is fixed. In light of this fact, a critical goal of the Federal legal system is to make efficient use of the existing judicial resources by conserving, to the extent possible, the resources expended on any one action.

*O'Rourke v. Provident Life and Acc. Ins. Co.*, 48 F.Supp.2d 1383, 1385 (S.D. Fla. 1999) (internal citations omitted).

25. As previously stated, the Trustee is still attempting to gather critical information necessary for his administration of the Estate, and the operation of the Debtor. Some, if not all, of the claims and causes of action asserted by the Debtor and CDI in the Claim Objections and Second Adversary Proceeding belong to the Estate. Accordingly, the Secured Creditors assert that the Trustee is the proper party to be prosecuting such issues on behalf of the Estate. 11 U.S.C. § 1107. However, as set forth in the Trustee's Motion to Compel, the Debtor's principals (i.e., the parties prosecuting the creditor litigation on behalf of the Estate without proper authority under section 362 of the Bankruptcy Code or Eleventh Circuit standards regarding derivative standing) have failed to turn over a variety of information, documents, books and records necessary for the Trustee to conduct his statutorily required investigation.

26. Abating the creditor litigation will allow the Trustee proper time to conduct his investigation into the relative claim priorities, as well as the Estate's causes of action against and defenses to claims asserted by the Claimants.

27. Moreover, conducting full-blown litigation regarding the Claims is premature and will only serve to diminish the remaining equity in the Property by increasing the Claimants' post-petition claims under 11 U.S.C. § 506(b).

28. Given that the Debtor has already consented to and proposed a sale of the Property, preserving the remaining equity in the Property is of critical importance and inures to the benefit of all of the Estate's interested stakeholders.

### III. RELIEF REQUESTED

29. Based on the foregoing, the Claimants respectfully request that the Court: (a) consolidate the Claim Objections with the Second Adversary Proceeding; (b) abate the Second Adversary Proceeding; and (c) abate any required responses to the Subpoenas.

30. To the extent the Court denies this Motion, the Claimants respectfully request that the Court provide them with 30-day extensions of time to respond to the Claim Objections, the complaint in the Second Adversary Proceeding, and the Subpoenas.

### IV. MEET AND CONFER CERTIFICATION PURSUANT TO LOCAL RULE 9073-1(D)

31. The Claimants certify that they have conferred with counsel for the Trustee who agrees with the relief requested herein.

32. The Claimants certify that they attempted to contact Debtor's counsel and CDI's counsel to resolve the matters set forth in this Motion without the need for a hearing. Neither counsel has responded; however, Raziel Ofer – the principal of both the Debtor and CDI – has filed affidavits with the Court indicating that he opposes the requested relief. *See* ¶ 51, *Declaration of Raz Ofer in Opposition to Trustee's Motion to Compel* [ECF No. 172](stating that "[w]e clearly want the Court to expedite the determination of the POCs, not postpone it").

**WHEREFORE**, the Claimants respectfully request that this Honorable Court enter an Order: (a) granting the Motion; (b) consolidating the Claim Objections with the Second Adversary Proceeding; (c) after consolidation of the Claim Objections with the Second Adversary Proceeding, abating the Second Adversary Proceeding; (d) abating any required responses to the Subpoenas; and (e) granting such other and further relief as the Court deems just and proper.

[SIGNATURES ON FOLLOWING PAGE]

| | |
|---|---|
| **STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**<br>*Counsel to 1250916 Ontario Limited*<br>Museum Tower, Suite 2200<br>150 West Flagler Street<br>Miami, FL 33130<br>Tel: (305) 789-3200<br>Fax: (305) 789-3395<br><br>By: /s/ Eric Silver<br>    Eric Silver, Esq.<br>    Fla Bar No. 057262<br>    esilver@stearnsweaver.com | **MARKOWITZ, RINGEL, TRUSTY & HARTOG, P.A.**<br>*Counsel to Immokalee Real Estate Holdings, Inc.*<br>9130 S. Dadeland Blvd., Suite 1800<br>Miami, FL 33156<br>Tel: (305) 670-5000<br>Fax: (305) 670-5011<br><br>By: /s/ Alan R. Rosenberg<br>    Jerry M. Markowitz, Esq.<br>    Fla Bar No. 182420<br>    jmarkowitz@mrthlaw.com<br>    Adrian Delancy, Esq.<br>    Fla Bar No. 75337<br>    Email: adelancy@mrthlaw.com<br>    Alan R. Rosenberg, Esq.<br>    Fla. Bar No. 92004<br>    Email: arosenberg@mrthlaw.com |
| **WALTERS LEVINE & DeGRAVE**<br>*Counsel to Marjam Supply of Florida, LLC*<br>601 Bayshore Boulevard, Suite 720<br>Tampa, FL 33606<br>Tel: (813) 254-7474<br>Fax: (813) 254-7341<br><br>By: /s/ Heather DeGrave<br>    Heather DeGrave, Esq.<br>    Fla Bar No. 756601<br>    hdegrave@walterslevine.com | **MINERLEY FEIN, P.A.**<br>*Counsel to G. Proulx, LLC.*<br>1200 N. Federal Highway, Suite 420<br>Boca Raton, FL 33432<br>Tel: (561) 362-6699<br>Fax: (561) 447-9884<br><br>By: /s/ Kenneth L. Minerley<br>    Kenneth L. Minerley, Esq.<br>    Fla Bar No. 521840<br>    ken@minerleyfein.com |