UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF FLORIDA

IN RE:

Adv. Case No.: 22-14038-LMI

942 PENN RR, LLC, a Florida limited
liability company,

       Debtor.
_____/

## MOTION FOR RECONSIDERATION ON ORDER DENYING MOTION TO ENFORCE LEASES

RAZ OFER, pro se, files this motion for the Court to reconsider its decision to deny the motion to enforce the leases. Ofer clarifies points for reconsideration by this Court as follows:

1. This court previously considered the pro se motion to enforce the leases and in doing so, appeared to deny the motion on the basis that (i) the lease did not indicate, in any manner, that there was an agreed amount of rent to be paid, and (ii) that the units cannot be sublet.
2. The trustee committed a fraud on the Court by saying that the rent isn't mentioned in the leases. Clause 8 (Exhibit A) says that the deposit is $5K and it can't be used instead of last month rent, so the last month rent is $5K. It is either that Ms Quick removed this page or deliberately misled the Court by not mentioning it. When I looked at it was dark and I was stressed so I didn't see it. I'm filing separately an OSC to hold Ms Quickand Mr Brown is a criminal contempt.
3. The subject leases were executed on March 6, 2022 and are between the Debtor, 942 Penn RR, LLC and Raz Ofer and Robert Mendez.
1. The leases are for the occupancy and use of the units described in the lease which are in the property located at 942 Pennsylvania Avenue, Miami Beach, FL 33139.
2. Under the lease where Ofer is the Tenant, the lease authorizes the use and possession of units 4 and 7. Likewise, the lease where Mendez is the Tenant, that lease authorizes to Mendez the use and occupancy of units 18 and 21.
3. The term of both lease is an initial period of 2 years, beginning on March 6, 2022 and ending on March 5, 2024, with an addition option to renew the lease for a period of 3 years thereafter.
4. The consideration for the leases was that Mendez and Ofer paid the rental amount in advance in an amount sufficient to cover 2 years of the rent.

5. The leases call for the payment of a security deposit in the amount of $5,000.00 for the performance under the leases.
6. The Court implies that the lease is to indefinite to be a valid lease and states that Florida law supports that view. I agree with Florida law that there are essential factors that will make a lease valid but disagree with the Court that they are not in the leases that the Court reviewed.
7. Florida law requires that "the amount of rental is an essential element of a lease, if not the basis for a lease, and an agreement to make a lease, or to renew or extend a lease, that fails to specify *either* the amount of the rental or a definite procedure to be followed to establish the amount of the rental, is too indefinite to be legally binding and enforceable." *Edgewater Enters. v. Holler,* 426 So. 2d 980, 983 (Fla. 5th DCA 1982).
8. "When contracting parties do not agree on an essential provision there is no "meeting of the minds" that is the essence of a contract, and in that situation it is not the province of the court to make the contract or to supply material terms or provisions omitted by the parties." *Holler,* 426 So. 2d at 982.
9. The leases have two contract terms to consider as to the rental amount. First is the term that was prepaid for the 2-year period. The second in the renewal period which Mendez and Ofer can extend the leases for another 3 years.
10. When the entire lease is reviewed, the contents of the lease reflect that the amount of the rent can be determined.
11. The lease contemplates a monthly payment of a rental amount and that an amount had been agreed upon when reviewing provisions in the body of the lease.
12. The provision of the lease which discusses the security deposit, clause 8, says that there would be a required amount, $5,000.00, which is due under the lease for performance of the lease, indicating that an agreement as to the amount of the rent had been reached.
13. Clause 8 further goes on to state that the security deposit cannot be applied to the *last month's* rent without the written consent of the landlord. That inability to apply the rent to the last month indicates the parties clearly agreed to a monthly payment frequency.
14. Although the clause 5 does not indicate an express amount of the monthly rent, rent was paid in advance for 2-years, so the amount of the rent paid in advance can form the "basis" of determining the rental amount with simple math.
15. The term of the tenancy indicated in clause 4 shows that there would be 24 monthly periods in the term.
16. The lease covers the use and possession of 2 units for the indicated term. When the total amount of the prepaid term is divided by the 24 monthly periods, you will come up with the required amount under the lease to be paid for the combined 2 units.
17. You will further determine the amounts for each unit by dividing the monthly sum previously determined by 2 to arrive at the required amount for each unit.

18. Clause 8 implies that the $5,000.00 is the sum required for the performance under the lease for the monthly cycle considering that sum cannot be applied to the final month's rent without consent. Since the lease is for 2 units, the sum per unit is $2,500.00.
19. As the amount of the monthly rent can be determined to be $2,500.00, the essential element at the core of the lease is present and the lease is valid.
20. Next, the ability of the units to be sublet is clear in the lease.
21. Clause 10 of the lease states that "Tenant will not sublet any part of the premises or assign this agreement without the prior written consent of the landlord." That section goes on to give 2 options for subletting.
22. It is clear that Clause 10 is absent authorization for subletting the units. However, this does not finish the determination of if authorization is present.
23. We move to clause 3 which is specific to the limits on the use and occupancy of the units.
24. There, in clause 3, the lease expressly authorizes "[t]he Premises are to be used for sub lease short term. Tenant(s) listed in this Clause 1 of this Agreement, Landlord agree tenant can sublease the Unit 4 and Unit 7 occupancy by guests indefinitely time is not prohibited by landlord."
25. While not written in the most clear manner, the clause clearly allows (i) the express use of the units for short term subletting, (ii) there is no limitation of the length of time a sub tenant may occupy the unit, assuming the lease is in effect or extended which allows the Tenant to remain in possession, and (iii) there is a agreement and express permission by the landlord which is in writing in the lease itself.
26. "Common usage may be resorted to to clear up and make definite that which is doubtful or uncertain but it will not be employed to vary or contradict that which the parties have set down and agreed to in no uncertain terms. If the terms of the contract are clear and certain, they will not be disturbed by usage no matter how well settled it may be nor will usage be permitted to read express terms from the contract." *Roe v. Henderson*, 139 Fla. 386, 388, (Fla. 1939).
27. There is no conflict between clause 10, which allows subletting if its authorizing in writing, and clause 3, which expressly allows the subletting of the units.
28. Regarding the Court's arguments that imply that I shouldn't have filed for Chapter 11, the Court is 150% right, however, 10 days after the filing I filed a motion to dismiss which the Court unreasonably denied without specifying a reason. Immokalee/Ontario could have foreclosed or I could have foreclosed with the CDI lien, which I intended to do. Immokalee have a 1st mortgage so there was no any legal reason not to allow the filing to be dismissed. As the Court remanded metropolitan in DRO case, it could have remanded Immokalee and Ontario to State Court. The Court's decision not to dismiss it was inexplicable. Even today Immokalee & Ontario can pursue foreclosure in State Court, so can I, I intended to file a new motion to dismiss the Bankruptcy. The Court can remand their claim.
29. The trustee's refusal to provide the appraisal is just another evidence for the fraudulent activities of this so-called trustee. Their appraisal came at over $10M, although I can sell it for

       $15M. However, with 'real' debt of less than $1M (without the trustee pursuing fraudulent and criminal Ontario's POC and blackmailing me).
30. I do have evidence that the real trustee is Kalb and not Mukamal.
31. As far as the Court's comments that I"m threatened I should go to Miami Beach police. I didn't get explicit physical threats, but 'tell Raz that he doesn't know who we know' by Kalb, speaking to other people….I'm not worried about my safety, this case and the other are being followed, not by Miami Beach Police……
32. The case now is simple, I'm prepared to escrow the full amount for Immokalee and the 2 small creditors. I ask the Court to determine the amount to be escrowed for Ontario and the trustee. Once the Court determines it, I'll deposit the money within 7 days. I'll file a motion for the Court to determine it.

The lease that are before the court for enforcement and consideration should be reconsidered and deemed valid as the rent can clearly be determined and the Tenants under the lease, Ofer and Mendez, have been clearly authorized to sublet the units and authorization has been supplied in writing.

Submitted by,

Raz Ofer
Raz.ofer2@gmail.com

# EXHIBIT "A"

**Raz Ofer** <raz.ofer2@gmail.com>

to Scott, Esq., David, Dana, me,

Barry

Scott,

1. The leases you showed today to Judge Isicoff do specify the rent. Look at Page 2, Clause 8 (bottom of 2nd page), it says the deposit is $5K and it is for one month rent (it can't be used to offset the last month rent)

2. When Ms Quick showed it to me she either removed the 2nd page deliberately, or she deliberately misled the Court (Fraud on the Court) by not saying that the amount of the rent is specified.

3. Furthermore, Page 1, clause 3 says that tenant is allowed to sublet the unit for short term, I specifically added this clause. Ms Quick deliberately omitted it and just mentioned clause 10.

4. This decision is not final pending reconsideration. I'll file tomorrow a motion for reconsideration and an OSC why you and Ms Quick should not be held in criminal contempt.

5. Due to your fraud on the Court, I'm removing the 4 units (8 apartments from the spreadsheet), you've no right to rent it, I'll be renting it myself. I'll follow the Court ruling on the reconsideration.

6.. Feel free to file a motion to remove me, it'll be heard after my motion to remove the so-called trustee.

7. You, and Mukamal's relations with Kalb/Rodriguez are being followed by a higher level than Miami Beach Police.

Raz

 ReplyReply allForward

Below is the response to the trustee objection to my motion to enforce the leases (the one that seem to have been filed wrongly).

1. The leases were signed well before the petition date.
2. I bought the building and gut renovated it, the cdost of the renovation exceeded $8M.
3. Attached is the initial permit (Exhibit A), which was later revised to include the entire scope of work, like complete concrete restoration (It's a 1920's property), new electrical, plumbing and mechanical systems, new flooring, European kitchens, fixtures.
4. The construction agreement specifies the total amount of the work and the outstanding amount. This is sufficient by the Statue.
5. I spent well over $2M on my CCs.
6. The trustee has most Bank statements showing the expenditure, although this isn't required by the Statue.
7. Attached are just one of my CC Statemen showing a balance of $160K (Exhibit B).
8. Attached are Booking.com invoices showing I paid it with MY CCs, totaling over $400K (Exhibit C).
9. When the so-called trustee saying he can void the leases as they were made within 2 years of the petition, it shows this is a corrupt trustee, against whom I've evidence of theft, fraud, negligence, breach of Court orders, etc, let alone I'm in possession of evidence that the trustee is Kalb, where Mukamal is a puppet trustee. I'll explore all the evidence after I depose Brown, Mukamal, Rodriguez/Kalb. So far they refuse to be deposed or provide any discovery and answer to interrogatories.
10. 10. If anything, I can charge back all the $400K Booking.com charges to my personal CCs. I'm not doing it as might damage the building and I'm confident that with the evidence in my possession, the trustee will soon be removed.
11. The Court instructed me at the time to hand over the leases for the 4 units to the trustee, which I did.
12. The trustee has 'agreed' to pay prorated income only to 2 units, instead of 4 units (I assume Kalb told Mukamal what to do with my building…..).
13. I clarified that all the money should go to Robert Mendez, nothing to me.
14. When Robert received the check it said that the trustee deducts expanses from before the petition, so the revenue is not based on the income from the units, but based on what Kalb tells Mukamal…..

15. Mukamal is not that sharp, although it seems he thinks he is, he is risking his livelihood. He thinks he can steal $15M and make his family rich, his actions will result in the opposite.
16. I made money not because I'm naïve, I don't think Mukamal & Kalb are sharp at all.
17. I calculated and the amount they gave Robert is around $400.00 per apartment per month. This fraud will stop. Mukamal thinks he's very clever, we shall see.
18. Each apartment can easily be rented for $6K a month, this is very conservative.
19. The units will be rented on a monthly basis and not through Booking.com. The trustee knows that what he is telling the Court is misleading and constitute a fraud on the Court, he claims that I would be renting these units on a short term basis. I'll file an OSC of why Brown and Mukamal should not be held in contempt of Court for lying to the Court.
20. The trustee is fraudulently attempting to steal even more money. The leases on the 4 units, 4, 7, 18 & 21 are valid. The trustee's arguments are nonsense.
21. The building is worth over $15M with debt of less than 1M, if anything, if the trustee is stopped from pursuing a fraudulent and criminal POCs. The trustee corrupt attempt to invalidate the leases on the 4 leases is despicable.
22. I know it is not an evidentiary hearing tomorrow and the Court will unlikely to approve it, I would like to have Mukamal testify under oath so that I can cross him, it'll not take more than 10 minutes, but it will give the Court a flavor of what is going on. Of Course, I'm also ready to testify under oath. I will understand if the Court denies this request. However, I would like to ask Mukamal or Scott on his behalf to confirm at the beginning of the hearing that Mukamal is ready to testify under oath at the hearing tomorrow.

I ask the Court to validate the leases to these 4 units (4, 7, 18, & 21).

Dated 2nd December 2022.

Respectfully Submitted.

Raz Ofer

# EXHIBIT "B"

# Fixed-Term Residential Lease

**Clause 1. Identification of Landlord and Tenant**

This Agreement is between Raziel Ofer ("Tenant") and 942 PENN RR LLC ("Landlord"). Each Tenant is jointly and severally liable for the payment of rent and performance of all other terms of this Agreement.

**Clause 2. Identification of Premises**

Subject to the terms and conditions set forth in this Agreement, Landlord rents to Tenant, for residential purposes only, the premises located at 942 pennsylvania Ave Unit 4 and Unit 7 Miami Beach Florida 33139 ("Premises"). Rental of the Premises also includes:

_____.

Rental of the Premises excludes: _____.

**Clause 3. Limits on Use and Occupancy**

The Premises are to be used for sub lease short term Tenant(s) listed in Clause 1 of this Agreement, Landlord agree tenant can sub lease the Unit 4 and Unit 7 occupancy by guests indefinitely time is not prohibited by landlord.

**Clause 4. Term of the Tenancy**

The term of the rental will begin on march 06 2022, and end on March 05 2024.

**Clause 5. Payment of Rent**

*Delivery of payment.*

Rent has been paid in advance for two years, with an option to extend for another three years

[ ] by mail, to _____

[ ] in person, at _____

[ ] electronically, to _____

*Form of payment.*



Landlord will accept payment in the form of:

[X] cash

[X] personal check made payable to _942 PENN RR LLC_

[X] certified funds or money order made payable to _—"—_

[X] credit or debit card

[ ] other electronic funds transfer _____

### Clause 6. Late Charges

Because Landlord and Tenant agree that actual damages for late rent payments are very difficult or impossible to determine, Landlord and Tenant agree to the following:

- Tenant will pay Landlord a late charge if Tenant fails to pay the rent in full within ___5 days after the date it is due.

- The late charge will be $100, plus $_5%_ for each individual day that the rent continues to be unpaid. The total late charge for any one month will not exceed $___.

Landlord does waive the right to insist on payment of the rent in full on the date it is due.

### Clause 7. Returned Check and Other Bank Charges

If any check offered by Tenant to Landlord in payment of rent or any other amount due under this Agreement is returned for lack of sufficient funds, a "stop payment," or any other reason, Landlord will make a demand for payment and otherwise pursue remedies as allowed by law.

### Clause 8. Security Deposit

On signing this Agreement, Tenant will pay to Landlord the sum of $5,000.00 as a security deposit. Tenant may not, without Landlord's prior written consent, apply this security deposit to the last month's rent or to any other sum due under this Agreement. Within _ after Tenant has vacated the Premises, returned keys, and provided Landlord with a forwarding address, Landlord will return the deposit in full or give Tenant an itemized written statement of the reasons for, and the dollar amount of, any of the security deposit retained by the Landlord, along with a check for any deposit balance.

[*Optional clauses here, if any.*]



www.nolo.com                Fixed-Term Residential Lease                Page 2 of 8

### Clause 9. Utilities

Tenant will not pay utility charges, except for the following, which will be paid by Landlord: Electricity, water, internet, garbage_____.

### Clause 10. Prohibition of Assignment and Subletting

Tenant will not sublet any part of the Premises or assign this Agreement without the prior written consent of Landlord. Violating this clause is grounds for terminating the tenancy.

[ ] a. Tenant is authorize to sublet and rent the Premises for short-term stays of any duration, including vacation rentals.

[ ] b. Short-stay rentals are prohibited except as authorized by law. Any short-stay rental is expressly conditioned upon the Tenant's following all regulations, laws, and other requirements as a condition to offering a short-stay rental. Failure to follow all laws, ordinances, regulations, and other requirements, including any registration requirement, will be deemed a material, non curable breach of this Agreement and will furnish cause for termination.

### Clause 11. Tenant's Maintenance Responsibilities

Tenant agrees to: (1) keep the Premises clean, sanitary, and in good condition and, upon termination of the tenancy, return the Premises to Landlord in a condition identical to that which existed when Tenant took occupancy, except for ordinary wear and tear; (2) immediately notify Landlord of any defects or dangerous conditions in and about the Premises of which Tenant becomes aware; and (3) reimburse Landlord, on demand by Landlord, for the cost of any repairs to the Premises, including Landlord's personal property therein, damaged by Tenant or Tenant's guests or business invitees through misuse or neglect.

Tenant has examined the Premises, including appliances, fixtures, carpets, drapes, and paint, and has found them to be in good, safe, and clean condition and repair, except as noted in the Landlord-Tenant Checklist.

### Clause 12. Repairs and Alterations by Tenant

a. Except as provided by law, or as authorized by the prior written consent of Landlord,



Tenant will not make any repairs or alterations to the Premises, including nailing holes in the walls or painting the rental unit.

b. Tenant will not, without Landlord's prior written consent, alter, rekey, or install any locks to the Premises or install or alter any security alarm system. Tenant will provide Landlord with a key or keys capable of unlocking all such rekeyed or new locks as well as instructions on how to disarm any altered or new security alarm system.

### Clause 13. Prohibition Against Violating Laws and Causing Disturbances

Tenant is entitled to quiet enjoyment of the Premises. Tenant and guests or invitees will not use the Premises or adjacent areas in such a way as to: (1) violate any law or ordinance, including laws prohibiting the use, possession, or sale of illegal drugs; (2) commit waste (severe property damage) or cause or tolerate a nuisance; or (3) interfere with the quiet enjoyment and peace and quiet of or annoy, disturb, or inconvenience any other tenant or nearby resident.

### Clause 14. Damage to the Premises

In the event the Premises are partially or totally damaged or destroyed by fire or other cause, the following will apply:

a. Premises totally damaged and destroyed. Landlord will have the option to: (1) repair such damage and restore the Premises, with this Agreement continuing in full force and effect, except that Tenant's rent will be abated while repairs are being made; or (2) give written notice to Tenant terminating this Agreement at any time within thirty (30) days after such damage, and specifying the termination date; in the event that Landlord gives such notice, this Agreement will expire and all of Tenant's rights pursuant to this Agreement will cease.

b. Premises partially damaged by fire or other cause. Landlord will attempt to repair such damage and restore the Premises within thirty (30) days after such damage. If only part of the Premises cannot be used, Tenant must pay rent only for the usable part, to be determined by Landlord. If Landlord is unable to complete repairs within thirty (30) days, this Agreement will expire and all of Tenant's rights pursuant to this Agreement will terminate at the option of either party. Whether the Premises are totally or partially



destroyed will be decided by Landlord, in the exercise of its sole discretion.

c. In the event that Tenant, or Tenant's guests or invitees, in any way caused or contributed to the damage of the Premises, Landlord will have the right to terminate this Agreement at any time, and Tenant will be responsible for all losses, including, but not limited to, damage and repair costs as well as loss of rental income.

d. Landlord will not be required to repair or replace any property brought onto the Premises by Tenant.

### Clause 15. Renters' Insurance

Tenant acknowledges that Landlord's property insurance policy will not cover damage to or loss of Tenant's personal property. Tenant will obtain a renters' insurance policy that will:

- reimburse Landlord for cost of fire or water damage caused by Tenant or Tenant's guests, and vandalism to the Premises

- indemnify Landlord against liability to third parties for any negligence on the part of Tenant, Tenant's guests, or invitees; and

- cover damage to Tenant's personal possessions to a minimum of $100,000.

Tenant will provide Landlord with proof of such policy by giving Landlord a certificate of insurance issued by the insurance company within fifteen (15) days of _____. The policy will name Landlord as an "additional insured." Tenant will provide Landlord with a certificate of insurance upon every renewal. Tenant will not allow such policy to expire during the rental term. Failure to obtain and maintain a renters' insurance policy will be treated as a material breach of this Agreement.

### Clause 16. Pets

No animal may be kept on the Premises without Landlord's prior written consent, except animals needed by tenants who have a disability, as that term is understood by law, and _____, under the following conditions:

_____.

### Clause 17. Landlord's Right to Access

Landlord or Landlord's agents may enter the Premises in the event of an emergency, to make


www.nolo.com                    Fixed-Term Residential Lease                    Page 5 of 8

repairs or improvements, or to show the Premises to prospective buyers or tenants. Landlord may also enter the Premises to conduct an annual inspection to check for safety or maintenance problems. Except in cases of emergency, Tenant's abandonment of the Premises, court order, or where it is impractical to do so, Landlord will give Tenant 5 days notice before entering.

### Clause 18. Extended Absences by Tenant

Tenant will notify Landlord in advance if Tenant will be away from the Premises for _____ or more consecutive days. During such absence, Landlord may enter the Premises at times reasonably necessary to maintain the property and inspect for damage and needed repairs.

### Clause 19. Possession of the Premises

*a. Tenant's failure to take possession.*

If, after signing this Agreement, Tenant fails to take possession of the Premises, Tenant will still be responsible for paying rent and complying with all other terms of this Agreement.

*b. Landlord's failure to deliver possession.*

If Landlord is unable to deliver possession of the Premises to Tenant for any reason not within Landlord's control, including, but not limited to, failure of prior occupants to vacate or partial or complete destruction of the Premises, Tenant will have the right to terminate this Agreement upon proper notice as required by law. In such event, Landlord's liability to Tenant will be limited to the return of all sums previously paid by Tenant to Landlord.

### Clause 20. Tenant Rules and Regulations

[ ] Tenant acknowledges receipt of, and has read a copy of, the Tenant Rules and Regulations, which are labeled Attachment __ and attached to and incorporated into this Agreement by reference. Tenant understands that serious or repeated violations of the rules may be grounds for termination.

### Clause 21. Payment of Court Costs and Attorneys' Fees in a Lawsuit

In any action or legal proceeding to enforce any part of this Agreement, the prevailing party *[choose one: will not/will]* recover reasonable attorneys' fees and court costs.



### Clause 22. Disclosures

Tenant acknowledges that Landlord has made the following disclosures regarding the Premises:

[ ] *Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards*, and the booklet, *Protect Your Family From Lead in Your Home.*

[ ] Other disclosures: _____.

### Clause 23. Authority to Receive Legal Papers

The Landlord, any person managing the Premises, and anyone designated by the Landlord are authorized to accept service of process and receive other notices and demands, which may be delivered to:

[ ] The Landlord, at the following address: _____

[ ] The manager, at the following address: _____

[ ] The following person at the following address: _____

### Clause 24. Additional Provisions

Additional provisions are as follows: _____

### Clause 25. Validity of Each Part

If a court holds any portion of this Agreement to be invalid, its invalidity will not affect the validity or enforceability of any other provision of this Agreement.

### Clause 26. Grounds for Termination of Tenancy

The failure of Tenant or Tenant's guests or invitees to comply with any term of this Agreement, or the misrepresentation of any material fact on Tenant's Rental Application, is grounds for termination of the tenancy, with appropriate notice to tenants and procedures as required by law.

### Clause 27. Entire Agreement

This document constitutes the entire Agreement between the parties, and no promises or

 

representations, other than those contained here and those implied by law, have been made by Landlord or Tenant. Any modifications to this Agreement must be in writing, signed by Landlord and Tenant.

03/06/2022 _____ Manager
Date        Landlord or Landlord's Agent    Title

482 Pennsylvania Ave
Street Address

Miami Beach Fl 33139                305-923-2549
City, State, & Zip                  Phone

                                    482penn@gmail.com
                                    Email

03/06/2022 _____  646 4317934
Date        Tenant                  Phone

_____ _____  _____
Date        Tenant                  Phone

_____ _____  _____
Date        Tenant                  Phone