UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:  Case No. 22-14038-BKC-LMI

942 PENN RR, LLC,  Chapter 11

    Debtor.
_____/

**TRUSTEE, BARRY E. MUKAMAL'S, *EMERGENCY* MOTION FOR ENTRY OF ORDER (I) BARRING RAZIEL OFER FROM THE DEBTOR'S PREMISES, SYSTEMS, AND ACCOUNTS; (II) PROHIBITING RAZIEL OFER FROM INTERFERING IN THE DEBTOR'S OPERATIONS; AND (III) FOR OTHER RELATED RELIEF**

*(Emergency Hearing Requested)*

**Basis for Emergency:**
**Following the hearing held on December 1, 2022, at which the Court ruled certain leases held by the Debtor's members, Raziel Ofer and Roberto Mendez, were void and unenforceable, and ordering that no persons or individuals should interfere in the Trustee's use and operation of the units subject to those void leases, Raziel Ofer both sent emails and took affirmative steps to interfere in the Trustee's use and operation of all units of the Debtor's real property. Additionally, as described below, Raziel Ofer has taken other affirmative steps to interfere in the Trustee's operations of the Debtor's business operations. If Raziel Ofer is permitted to continue to access the premises, the Debtor's systems and accounts, and/or the Debtor's employees, it is likely to have a detrimental impact on the Trustees ability to continue operations and the Debtor's value.**

    Barry E. Mukamal, as Chapter 11 trustee (the "Trustee") of the bankruptcy estate of 942 Penn RR, LLC (the "Debtor"), through counsel and pursuant to 11 U.S.C. § 105(a), files his *Emergency Motion for Entry of Order (i) Barring Raziel Ofer from the Debtor's Premises, Systems, and Accounts; (ii) Prohibiting Raziel Ofer from Interfering in the Debtor's Operations; and (iii) for Other Related Relief* (the "Motion"), and in support thereof, states as follows:

## Introduction

1. Despite the best efforts of the Trustee and his professionals, this case has been far from ordinary and indeed, extraordinary, primarily as a result of the actions of the out-of-possession Debtor's co-principal, Mr. Raziel Ofer ("Ofer"), who refuses to: (a) comply with this Court's directives; (b) cede to the rights, duties, and obligations of the Trustee; and (c) recognize the extremely limited role of an out-of-possession Debtor.

2. Ofer's actions, while previously limited to verbal and written threats of, among other things, renting rooms individually, have escalated to *actually* renting rooms to third parties, which rentals occurred outside of customary check-in hours, and in which Ofer either collected cash payment directly from a customer (which funds were later turned over to Roberto Mendez ("Mendez"), who documented receipt of the funds using the Trustee's stipulated protocols), or didn't obtain payment at all from the guest, all without the authority or knowledge of the Trustee and as expressly prohibited by this Court.

3. Following the hearing on December 1, 2022,[1] Ofer sent the Trustee and his professionals an email advising he had no intention of following the Court's ruling on the Leases, and stating that he would access the Debtor's systems and remove the Units from the Debtor's operational/tracking systems, which would severely impact the Trustee's oversight, protocols, and day-to-day operations. A true and correct copy of Ofer's December 1, 2022 email is attached hereto at **Exhibit A** and incorporated by reference. In addition, as stated at the hearing, since November 27, 2022, through the date of this Motion, Ofer has taken up residence in a unit on the

---

[1] At which hearing the Court ruled certain leases (the "Leases") held by Ofer, and the Debtor's other member, Roberto Mendez ("Mendez"), for units 4, 7, 18, and 21 (the "Units") were void and unenforceable, and further directing that no persons or individuals should interfere in the Trustee's use or operation of those Units.

Debtor's premises that is not one of the Units that were the subject of the Leases, and has refused to provide payment for the unit.

4. The Trustee asserts it is imperative that this Court invoke its inherent powers under 11 U.S.C. § 105(a) to prevent further abuses by and interference from Ofer by: (a) requiring Ofer to vacate the unit and the Debtor's premises immediately; (b) prohibiting Ofer from (i) entering or coming within 500 feet of the Debtor's premises, in and around 942 Pennsylvania Ave. Miami Beach, FL (the "Real Property"); (ii) accessing the Debtor's systems or directing anyone else to access the Debtor's systems for Ofer's use or benefit, or (iii) accessing, deleting, or editing any information contained in, or otherwise interfering (either directly or indirectly) any of the Debtor's computers; door locks; utility or internet access (in whole or in part); operational systems; or third-party accounts used by the Trustee in connection with the Debtor's business or operations, including, but not limited to, the Debtor's Google documents, Booking.com account, or any other site on which the Debtor's units are listed or revenues generated by the Debtor are processed and/or paid; (c) authorizing the Trustee to take any and all actions to safeguard the Debtor's accounts, computers, and/or operational systems, including but not limited to removing Ofer's account access rights and log-ins, and directing third party vendors and account providers to prohibit access by and changes from Ofer; (d) prohibiting Ofer from communicating with the Debtor's employees, guests, or potential guests regarding the Debtor's business or hotel operations; (e) prohibiting Ofer from listing or attempting to list any of the Debtor's units for rent as separate from the Debtor's operations; and (f) authorizing the Trustee to use local, state, and federal law enforcement, including, but not limited to, the Miami Beach Police Department, if necessary, to remove Ofer from the Real Property, prevent him from accessing the Real Property, and to take any and all

other actions that the Trustee deems reasonable and necessary to effectuate the relief requested herein.

5. It is also important to note that Ofer's constant interference, threats, harassment and bullying of the Trustee and his professionals are causing the dissipation of Estate assets through the incurrence of legal fees that would be unnecessary but for Ofer's actions, and are distracting the Trustee and his professionals from focusing on the important issues necessary to substantively advance this case.

## Limited Relevant Background

6. On May 23, 2022 (the "Petition Date"), the debtor, 942 Penn RR, LLC voluntarily commenced the instant case seeking relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

7. The Debtor is a Florida limited liability company that holds record title to the real property located at 942 Pennsylvania Ave., Miami Beach, FL (the "Real Property"), comprised of 29 one- and two-bedroom units located therein. The Debtor's primary business involves renting the units as mostly short-term, furnished vacation housing units through third party websites such as Booking.com and VRBO.

8. The Debtor is jointly owned by Ofer and Mendez, each holding a 50% interest.

9. From the Petition Date through June 26, 2022, the Debtor operated its business as a debtor-in-possession and during this time the Debtor neglected, and thus disregarded, its obligations under the Bankruptcy Code and United States Trustee guidelines.

10. As a result, on June 27, 2022, the Trustee was appointed as Chapter 11 trustee of the Debtor's bankruptcy estate (the "Estate" or the "Bankruptcy Estate") (ECF No. 95).

11.Following his appointment, the Trustee has unfailingly attempted to work *with* Ofer despite the difficulties that entailed on the Trustee's end because of Ofer's clear emotional ties to the Real Property and the Debtor. However, the Trustee has been met with nothing but resistance to any kind of process or procedure enacted, or, importantly, any limitation placed on Ofer who continues to refuse to accept that he has no right to operate the Debtor, as he has been told on numerous occasions by the Trustee, the Trustee's counsel, and this Court.

12.The Trustee has come to this Court before to seek affirmative limitations on Ofer's actions, including the following:

   a. *Emergency Motion (i) for Authority to Modify Booking.com Account; (ii) Directing Booking.com and Raziel Ofer to Comply; and (iii) for Other Related Relief* (ECF No. 173) after Ofer locked the Trustee out of the Booking.com owned by the Debtor; and

   b. *Expedited Motion for Entry of Order (i) Setting Case Management Procedures and (ii) Granting Other Related Relief* (ECF No. 232) (the "Case Management") to prohibit Ofer (who was represented by counsel at the time) from communicating directly with the Trustee and the Trustee's professionals after sending unending barrages of harassing and threatening emails.

13.Despite the Trustee's patience, Ofer's mere presence at the Real Property is a constant disruption, including the following actions:

   a. Taking up residence in a room on the Real Property from November 27, 2022, through the present, without authorization from the Trustee and without paying for same (and notably, the room occupied by Ofer was not one of the Units that

were the subject of the Leases) at a time when the Debtor was at capacity on at least one day and could have rented the room to a paying customer;

b. Entering and remaining in a room (without authorization or payment) by obtaining a door code through some means, following which the electronic gateway that permits the Trustee to monitor the room became disconnected;

c. Contracting with a real estate broker, The Real Estate Lab, to market the Real Property for sale, following which the Real Property was listed on MLS post-appointment, without the knowledge of the Trustee, or the authority from the Trustee or, importantly, this Court; and then filing a frivolous motion to quash the Trustee's subpoena of the Real Estate Lab (*see* ECF No. 482) to impede the Trustee's ability to obtain more information about the scope of Ofer's interference;

d. Directing the Debtor's employees to operate the hotel in contravention of directions and procedures provided by the Trustee, especially with respect to the logging of "no shows;"[2]

e. Collecting cash or electronic payment directly from hotel guests on personal accounts without the Trustee's authorization or consent, and failing to remit the

---

[2] As explained at the December 1, 2022, hearing, the Trustee previously directed the Debtor's employees to appropriately mark any "no shows" as such on the appropriate booking sites, thereby decreasing the amount of fees the Debtor would be required to pay for such reservation. Ofer, while onsite, and without the Trustee's knowledge or consent, told employees to **not** mark "no shows" on the booking sites. Because Ofer's direction contradicted with what the Trustee had previously instructed, the Debtor's employees sought clarification from the Trustee, who instructed them to continue appropriately marking "no shows." After unsuccessfully attempting to set up the Trustee, Ofer accused the Trustee of improperly failing to mark "no shows" and unnecessarily increasing the Debtor's liabilities – which never happened and only would have happened because of Ofer's interference. Moreover, the Trustee has procedures and protocols in place to audit after the fact and identify and correct any such issues.

cash to the Trustee in a timely fashion and without appropriately logging the rentals into the system, causing an employee to unknowingly walk in on a sleeping guest who had not been charged by Ofer for their room;

f. Ongoing threats to divert the Debtor's funds related to the purported Leases, and affirmatively directing Mendez to withhold cash derived from the Debtor's operations;[3]

g. Interfering in the Trustee's tour of the Real Property by a broker the Trustee will be seeking to retain in furtherance of a sale of the Real Property and liquidating plan;

h. Directing Mendez and Taylor Mendez, as employees of the Debtor and during employment hours, to chauffer him around in the Debtor's leased Rolls Royce instead of attending to the Debtor's business;

i. Directing Mendez to fly to the Dominican Republic, as an employee of the Debtor and on dates when he was expected to be at work, without authorization by or notice to the Trustee; and

j. Removing the Trustee from the Booking.com account.

14. In light of: (a) the foregoing; and (b) Ofer's December 1, 2022, email informing the Trustee that he would not follow the Court's ruling and would in fact interfere with the Trustee's operation of the Debtor's business and systems, the Trustee has no choice but to request Ofer be barred from the Real Property and from any and all other methods of interference in the Debtor's operations.

---

[3] While initially withheld, the Trustee was eventually able to recover the funds without Court intervention.

### Applicable Law

15.     Pursuant to 11 U.S.C. § 105(a), this Court

> …may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

16.     While the Trustee recognizes that this Court may, in an ordinary case, prefer not to impose relief based on its § 105(a) inherent powers, as noted above, this is not a normal case and Ofer's actions in the case are, in the Trustee's opinion, exactly the kind of situation where § 105(a) must be used.

### Requested Relief

17.     Accordingly, for the reasons set forth herein, the Trustee respectfully requests that this Court invoke its inherent powers to:

   a. Require Ofer vacate the unit and the Debtor's premises immediately;

   b. Prohibit Raziel Ofer from entering or coming within 500 feet of the Real Property;

   c. Prohibit Raziel Ofer from accessing, deleting, or editing any information contained in, or otherwise interfering (either directly or indirectly) any of the Debtor's computers; door locks; utility or internet access (in whole or in part); operational systems; or third-party accounts used by the Trustee in connection with the Debtor's business or operations , including, but not limited to, the Debtor's Google documents, Booking.com account, or any other site on which

the Debtor's units are listed or revenues generated by the Debtor are processed and/or paid;

d. Authorize the Trustee to take any and all actions to safeguard the Debtor's accounts, computers, and/or operational systems, including but not limited to removing Ofer's account access rights and log-ins, and directing third party vendors and account providers to prohibit access by and changes from Ofer;

e. Prohibit Ofer from contacting the Debtor's employees, including, but not limited to, Robert and Taylor Mendez, cwith respect to the Debtor's operations;

f. Prohibit Ofer from contacting, communicating with, engaging with, or attempting to contact, communicate with, or engage with the Debtor's guests or potential guests, whether directly or indirectly;

g. Prohibit Ofer from listing or attempting to list any of the Debtor's units for rent as separate from the Debtor's operations; and

h. Authorize the Trustee to use local, state, and federal law enforcement, including, but not limited to, the Miami Beach Police Department, if necessary, to remove Ofer from the Real Property, prevent him from accessing the Real Property, and to take any and all other actions that the Trustee deems reasonable and necessary to effectuate the relief requested herein.

18. In addition to the above limitations and prohibitions, the Trustee requests that the Court impose monetary and non-monetary sanctions severe enough to coerce Ofer's compliance with this Court's orders, including, but not limited to, entry of a writ of bodily attachment.

**WHEREFORE**, Barry E. Mukamal, as Chapter 11 Trustee of the bankruptcy estate of 942 Penn RR, LLC, respectfully requests this Honorable Court enter an Order: (a) granting the instant Motion; (b) invoking its inherent powers to enter an order consistent with the relief sought herein prohibiting Ofer from accessing or entering the Debtor's Real Property, from accessing the Debtor's accounts or systems, and from otherwise interfering in any way with the Debtor's operations whether directly or indirectly; (c) imposing severe sanctions against Ofer as set forth above; and (d) granting such other and further relief as this Court deems just and proper.

Dated: December 6, 2022

        Respectfully submitted,

        BAST AMRON LLP
        *Counsel to the Chapter 11 Trustee,*
        *Barry E. Mukamal*
        One Southeast Third Avenue, Suite 2410
        Miami, Florida 33131
        Telephone: (305) 379-7904
        Email: sbrown@bastamron.com
        Email: dquick@bastamron.com

By:    */s/ Dana R. Quick*
        Scott N. Brown, Esq. (FBN 663077)
        Dana R. Quick, Esq. (FBN 0074402)

Case No. 22-14038-BKC-LMI

# **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served this 6th day of December, 2022 as follows:

via electronic transmission to:

- Heather A DeGrave    hdegrave@walterslevine.com, jduncan@walterslevine.com
- Adrian C. Delancy    adelancy@mrthlaw.com, ecfnotices@mrthlaw.com; mrthbkc@gmail.com
- Dan L Gold    Dan.L.Gold@usdoj.gov
- Jerry M Markowitz    jmarkowitz@mrthlaw.com, ycandia@mrthlaw.com,rrubio@mrthlaw.com,mrthbkc@gmail.com,gruiz@mrthlaw.com,markowitzjr73991@notify.bestcase.com,jmarkowitz@ecf.courtdrive.com
- Meghan Elle Miller    meghan@minerleyfein.com, ken@minerleyfein.com
- Kenneth L Minerley    ken@minerleyfein.com, litigation@minerleyfein.com;fileclerk@minerleyfein.com;meghan@minerleyfein.com
- Barry E Mukamal    bemtrustee@kapilamukamal.com, FL64@ecfcbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Jackson Pellingra    jackson@mkpalaw.com
- Roniel Rodriguez    ron@rjrfirm.com
- Mark S. Roher    mroher@markroherlaw.com, ECF.markroherlaw@gmail.com;ECF2.markroherlaw@gmail.com
- Alan R Rosenberg    arosenberg@mrthlaw.com, gruiz@mrthlaw.com,jgarey@mrthlaw.com,ycandia@mrthlaw.com,mrthbkc@gmail.com
- Eric J Silver    esilver@stearnsweaver.com, jless@stearnsweaver.com;fsanchez@stearnsweaver.com;cgraver@stearnsweaver.com;mfernandez@stearnsweaver.com
- David Winker    dwinker@dwrlc.com
- Raziel Ofer – raz.ofer2@gmail.comand

via U.S. Mail to all parties on the attached service list.

<em>/s/ Dana R. Quick</em><br>
Dana R. Quick, Esq.

# Exhibit A

| | |
|---|---|
| **From:** | Raz Ofer <raz.ofer2@gmail.com> |
| **Sent:** | Thursday, December 1, 2022 8:20 PM |
| **To:** | Scott Brown; Mark S. Roher, Esq.; David Winker; Dana Quick; Raz Ofer; Barry Mukamal |
| **Subject:** | Leases |

Scott,

1. The leases you showed today to Judge Isicoff do specify the rent. Look at Page 2, Clause 8 (bottom of 2nd page), it says the deposit is $5K and it is for one month rent (it can't be used to offset the last month rent)

2. When Ms Quick showed it to me she either removed the 2nd page deliberately, or she deliberately misled the Court (Fraud on the Court) by not saying that the amount of the rent is specified.

3. Furthermore, Page 1, clause 3 says that tenant is allowed to sublet the unit for short term, I specifically added this clause. Ms Quick deliberately omitted it and just mentioned clause 10.

4. This decision is not final pending reconsideration. I'll file tomorrow a motion for reconsideration and an OSC why you and Ms Quick should not be held in criminal contempt.

5. Due to your fraud on the Court, I'm removing the 4 units (8 apartments from the spreadsheet), you've no right to rent it, I'll be renting it myself. I'll follow the Court ruling on the reconsideration.

6.. Feel free to file a motion to remove me, it'll be heard after my motion to remove the so-called trustee.

7. You, and Mukamal's relations with Kalb/Rodriguez are followed by a higher level than Miami Beach Police.

Raz

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 22-14038-LMI<br>Southern District of Florida<br>Miami<br>Fri Nov 18 13:52:27 EST 2022 | 1250916 ONTARIO LIMITED<br>c/o Eric J. Silver, Esq.<br>150 West Flagler Street<br>Suite 2200<br>Miami, FL 33130-1545 | 1560/1568 Drexel Avenue LLC<br>Roniel Rodriguez IV PA<br>12555 biscayne blvd<br>915<br>North Miami, FL 33181-2522 |
| 942 Penn RR, LLC<br>942 Pennsylvania Avenue<br>Miami Beach, FL 33139-5416 | City of Miami Beach, Florida<br>c/o Steven Rothstein, Deputy City Atty<br>1700 Convention Center Drive, 4th Floor<br>Miami Beach, FL 33139-1824 | G. Proulx, LLC<br>c/o Kenneth L. Minerley<br>Minerley Fein, PA<br>1200 N Federal Highway #420<br>Boca Raton, FL 33432-2847 |
| Miami Dade County Tax Collector (Windley)<br>c/o Priscilla A Windley<br>200 NW 2nd Avenue, Suite 430<br>Miami, FL 33128-1733 | 1250916 Ontario Limited<br>Cary A. Lubetsky, Esq.<br>800 Brickell Avenue, Suite 1501<br>Miami, FL 33131-3040 | 1250916 Ontario Limited<br>c/o Eric Salpeter, Esq.<br>Salpeter Gitkin, LLP<br>3864 Sheridan St.<br>Hollywood, FL 33021-3634 |
| 1250916 Ontario Limited<br>c/o Salpeter Gitkin, LLP<br>3864 Sheridan Street<br>Hollywood, FL 33021-3634 | 1250916 Ontario Ltd.<br>c/o Stearns Weaver Miller<br>Attn: Eric J. Silver<br>150 West Flagler Street, Suite 2200<br>Miami, FL 33130-1545 | 1560 - 1568 Drexel Avenue, LLC<br>150 West Flagler Street<br>Suite 1675<br>Miami, FL 33130-1522 |
| 942 Pennsylvannia Holdings, LLC<br>c/o David Winker, Esq.<br>4270 S. LeJeune Road<br>Coral Gables, FL 33146 | Assembly Tax 36 LLC<br>of Custodian and Secured Party 995608<br>POB 12225<br>Newark, NJ 07101-3411 | Cary A. Lubetsky, Esq.<br>800 Brickell Ave., Suite 1501<br>Miami, FL 33131-3040 |
| City of Miami Beach<br>1700 Convention Center Drive<br>Miami Beach, FL 33139-1824 | Creative Directions, Inc.<br>c/o Raziel Ofer<br>942 Pennsylvania Ave.<br>Miami Beach, FL 33139-5416 | DOT Construction<br>9311 SW 52nd Terrace<br>Miami, FL 33165-6519 |
| Florida Fair Housing Alliance, Inc.<br>c/o The Law Offices of Jibrael S Hindi<br>110 SE 6th Street, Suite 1744<br>Fort Lauderdale, FL 33301-5000 | G. Proulx, LLC<br>c/o Minerly Frein, P.A.<br>1200 N. Federal Highway, Suite 420<br>Boca Raton, FL 33432-2847 | Great Waste & Recycling Service LLC<br>3051 NW 129th St.<br>Opa Locka, FL 33054-4924 |
| Immokalee Real Estate Holdings LLC<br>c/o Sordo & Associates, P.A.<br>3006 Aviation Avenue, Suite 2A<br>Coconut Grove, FL 33133-3864 | Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA  19101-7346 | Internal Revenue Service Centralized Insolve<br>Philadelphia,  PA  19101-7346 |
| J.E. Bley Overseas Trade South Florida<br>c/oDavid Winker, Esq.<br>4720 S. Le Jeune Rd.<br>Coral Gables, FL 33146-1817 | Marjam Supply of Florida, LLC<br>c/o Malka & Kravitz, P.A.<br>1300 Sawgrass Corporate Parkway<br>Suite 100<br>Fort Lauderdale, FL 33323-2823 | Miami Dade County Tax Collector (Windley)<br>200 NW 2nd Avenue, Suite 430<br>Miami, Florida 33128-1733 |
| Miami-Dade Tax Collector<br>200 NW 2nd Ave.<br>Miami,  FL 33128-1733 | Mortgage Holdings 2018 LLC<br>c/o David Winker, Esq.<br>4270 S. LeJeune Road<br>Coral Gables, FL 33146 | Mortgage Holdings 2018, LLC<br>c/o David Winker, Esq.<br>4720 S. Le Jeune Rd.<br>Coral Gables, FL 33146-1817 |

| | | |
|---|---|---|
| ~~Office of the US Trustee~~<br>~~51 S.W. 1st Ave.~~<br>~~Suite 1204~~<br>~~Miami, FL 33130-1614~~ | ~~Raz Ofer~~<br>~~c/o David Winker, Esq.~~<br>~~4270 S. LeJeune Road~~<br>~~Coral Gables, FL 33146~~ | ~~Robert Mendez~~<br>~~c/o David Winker, Esq.~~<br>~~4270 S. LeJeune Road~~<br>~~Coral Gables, FL 33146~~ |
| State of Florida - Department of Revenue<br>Post Office Box 6668<br>Tallahassee, FL 32314-6668 | Steven D. Pals, Jr.<br>c/o Graham Legal, P.A.<br>Ponce Plaza, Suite 410<br>814 once de Leon Blvd.<br>Coral Gables, FL 33134-3049 | Steven H. Rothstein<br>City of Miami Beach<br>Office of the City Attorney, 4th Floor<br>1700 Convention Center Drive<br>Miami Beach, FL 33139-1819 |
| The Sherwin-Williams Company<br>2800 Century Parkway, NE<br>Suite 1000<br>Atlanta, GA 30345-3110 | V.A. Leasing Corporation<br>2100 N.W. 82nd Ave.<br>Miami, FL 33122-1507 | ~~Barry E Mukamal~~<br>~~PO Box 14183~~<br>~~Fort Lauderdale, FL 33302-4183~~ |
| ~~Barry E. Mukamal~~<br>~~KapilaMukamal, LLP~~<br>~~1000 S Federal Hwy, Ste 200~~<br>~~Fort Lauderdale, FL 33316-1237~~ | David Winker<br>4720 S LeJeune Rd<br>Coral Gables, Fl 33146 | ~~John Lancet~~<br>~~Firm of HVS International~~<br>~~8925 SW 148 St #216~~<br>~~Miami, FL 33176-8084~~ |
| ~~Mark S. Roher Esq.~~<br>~~Law Office of Mark S. Roher, P.A.~~<br>~~1806 N. Flamingo Road, Suite 300~~<br>~~Pembroke Pines, FL 33028-1032~~ | ~~Raz Ofer~~<br>~~c/o David Winker, Esq.~~<br>~~4720 S. Le Jeune Rd.~~<br>~~Coral Gables, FL 33146-1817~~ | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Creative Directions Inc | (u)Immokalee Real Estate Holdings, LLC | (u)Marjam Supply of Florida, LLC |
| (u)Miami | (u)**DELETED PER DE#290**<br>Creative Directions, Inc. | (d)Immokalee Real Estate Holdings, LLC<br>c/o Sordo & Associates, P.A.<br>3006 Aviation Ave<br>Suite 2A<br>Coconut Grove, FL 33133-3864 |
| (u)Robert Mendez | End of Label Matrix<br>Mailable recipients    43<br>Bypassed recipients     7<br>Total                  50 | |