UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



In re:

BK Case No. 22-14038-LMI

942 PENN RR, LLC,

Chapter 11

Debtor.
_____/

## OFER'S MOTION FOR PLAN ADMINISTRATOR'S RELINQUISHMENT OF EQUITY DISTRIBUTIONS TO BE HELD BY STATE OF FLORIDA CIRCUIT COURT REGISTRY

Defendant, Raz Ofer ("Ofer" or "Defendant"), proceeding pro se and in anticipation of this Court's directive to the Plan Administrator to file a interpleader action in the State Courts of Florida for the resolution of the claims against the equity distributions proposed under the Plan Administrator's Motion For Authority To Make Interim Distribution To Class 3 Equity Interests And/Or Holders Of Charging Orders Against Class 3 Equity Interests, And For Other Related Relief, Including Exculpation Of Plan Administrator And His Professionals And Injunctive Relief In Connection With Same [ECF No. 1423] (hereinafter "Motion") as orally pronounced at the June 17, 2024 hearing on said motion, enters his motion for all sums currently held by the Plan Administrator which are subject to dispute, as outlined in the Plan Administrator's motion to be distributed to the court of record for the interpleader action. In support, Ofer states:

1. In the hearing on June 17, 2024 on the Plan Administrator's Motion, the Court heard arguments for competing claims to the distribution which the Plan Administrator sought authorization to disburse.

2. The Motion sought to gain the Court's leave to disburse funds to equity stakeholders Ofer and Mendez for the purpose of payment to charging order and charging lien holders[1].

3. The Court heard arguments in favor of and opposition to distribution of the disputed amount of $800,000.00.

4. The Court intimated that it would be proper for the Plan Administrator to file an interpleader action in a non-bankruptcy forum to resolve the opposing claims to the single fund as identified in the Motion.

5. The Court orally pronounced the Plan Administrator to file the interpleader action to which a written order is not yet issued[2].

## RELIEF REQUESTED

Movant Ofer requests that the total amount of funds in the single fund, in its entirety[3], now held by the Plan Administrator be turned over to the registry of the Court of Competent jurisdiction which will oversee the interpleader action, once it is filed. Given the Post Confirmation Plan Administrator's primary duty is to close the estate expeditiously, an interpleader action is appropriate to reduce the excessive drain on the estate's assets and resolve claims which are not presented against the debtor. 11 U.S.C.

---

[1] It is important to note that the Plan Administrator has not previously requested distributions to Class 3 Equity holders under the plan until the various claims against the equity holders emerged with substantial claims to the distribution that the debtor could possibly make to the stakeholders. This activity alone is suspect as to the Plan Administrator's true intent behind seeking authorization to distribute surplus or failing in its duty to properly reasonably investigate the ability of the charging order to validly executed. See 11 U.S.C. §704(a)(5)("if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper").

[2] It is important to note that the Movants intent with this motion is for the Court to rule on the requested relief in this motion in conjunction with the issuance of the order on the June 17, 2024 hearing concerning the interpleader action. The Movant requests the relief to be added to the order and, as such, the relief requested here is not premature.

[3] According to the Plan Administrator's Motion, currently it is holding $1.8 Million in surplus estate funds.

§704(a)(5) mandates the trustee to "examine proofs of claims and object to the allowance of any claim that is improper" so it is sensible to seek an interpleader action to preserve assets and determine the rights to the res which is not associated with the debtor itself. The Plan Administrator appears to exceed its duties in seeking authorization to pay judgment creditors which has no claim against the debtor instead of vigorously moving to distribute surplus to equity stakeholders, instead taking a opposite course of conduct favoring nonparty judgment creditors who don't even have a claim filed in the case proper[4]. See *In re Riverside-Linden Investment Co.*, 85 Bankr. 107, 111 (Bankr. S.D. Cal. 1988) (quoting 4 Collier on Bankruptcy para. 704.01[3] (15th ed. 1987)), aff'd, 99 Bankr. 439 (9th Cir. 1989). This Court would seemingly have the authority to order the deposit of the funds into the controlling court registry in conjunction with ordering the interpleader action, as orally pronounced at the June 17, 2024 hearing on the matter. There is no harm in this as the funds are all in cash and there is no "market forces" which may result in the loss of value which may prejudice claimants like in the case of marketable securities or real property.

## ARGUMENT IN SUPPORT OF INTERPLEADER

Interpleader is a long-recognized equitable remedy governed by equitable principles used to determine the rights of parties each of whom claim the right to

---

[4] The Plan Administrator took a opposite course of action in conjunction with attorney Roniel Rodriguez IV and Stuart Kalb (a person who holds himself out to be an attorney and is the subject of a increasingly progressive Florida Bar investigation on that conduct), their various entities (e.g. Ajar, Case Financial, Drexel Financial), along with their bankruptcy counsel attorney Rosendorf, acting with clear criminal intent only when funds will be distributed to Mr. Ofer and Mr. Mendez. The Plan Administrator has clearly committed a Bankruptcy fraud in this case, which is one of many others committed. The Movant wants to the Court to see the clear pattern of inaction which has formed a pattern where the actions of the Plan Administrator is to engage in a course of conduct which is, by design, to consume the surplus of the estate for its and its criminal accomplices' sole benefit. **The Plan Administrator actions in this case will be the subject of a forthcoming District Court Lawsuit against himself and his Attorney, Scott Brown.**

distribution of the same fund or property that is held by a disinterested third person. See *Jax Ice & Cold Storage Co. v. South Fla. Forms Co.*, 91 Fla. 593, 109 So. 212 (Fla. 1926); 32 Fla. Jur. 2d Interpleader § 1 (2003). Interpleader allows the third party holding the funds to bring the competing parties into court to litigate their competing claims among themselves instead of litigating it against the party holding the funds. See, e.g., *Drummond Title Co. v. Weinroth*, 77 So. 2d 606 (Fla. 1955). The equitable interpleader proceeding provided for in early Florida law is now set forth in Florida Rule of Civil Procedure 1.240. Even after the adoption of rule 1.240, interpleader remains an equitable remedy governed by equitable principles. See *Wassman v. Travelers Cas. & Sur. Co.*, 797 So. 2d 626, 631-32 (Fla. 5th DCA 2001).

Rule 1.240 provides in pertinent part,

> "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claim of the several claimants or the titles on which their claims depend do not have common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants."

In *Riverside Bank of Jacksonville v. Fla. Dealers & Growers Bank*, 151 So. 2d 834 (Fla. 1st DCA 1963), a case predating rule 1.240, the Florida First Appellate District Court outlined four conditions to maintain an action in the common law "strict interpleader," which must appear from the pleadings: (1) the same thing, debt (or duty), or stake must be claimed by the defendants; (2) the claims must be dependent or have a common origin; (3) the plaintiff must have no interest in the subject matter; and (4) the plaintiff must be in a position of indifference, having incurred no independent liability to either of the

claimants, but must stand indifferent between them merely as a stakeholder, and it must appear that no act on his part has caused the embarrassment of conflicting claims. *Id.* at 836. Florida courts continue to recite the four common law requirements for interpleader. See, e.g., *Prince v. Underhill*, 670 So. 2d 92, 94 (Fla. 5th DCA 1996); *St. Mary's Traditional Roman Catholic Church, Inc. v. Eight Hundred, Inc.*, 779 So. 2d 317, 319 (Fla. 2d DCA 1999). However, the only absolute requirement remaining under rule 1.240 is that the stakeholder "is or may be exposed to double or multiple liability" for competing claims to a single fund. See 32 Fla. Jur. 2d Interpleader § 2 (2003); *Hagendorfer v. Appelquist & Ripley, Inc.*, 529 So. 2d 343 (Fla. 1st DCA 1988); *Newkirk Constr. Corp. v. Gulf County*, 366 So. 2d 813(Fla. 1st DCA 1979). A party may not object to interpleader on the grounds that one of the remaining three common law requirements is not met. See, e.g., *Motzkin v. Shearson Lehman Bros.*, 611 So. 2d 592, 593 (Fla. 4th DCA 1993) (reiterating that the language of rule 1.240 provides that a party cannot object to joinder in interpleader on any ground except "where a plaintiff is faced with conflicting claims that may result in double or multiple liability"); *Bache Halsey Stuart Shields, Inc. v. Witous*, 411 So. 2d 1324 (Fla. 2d DCA 1982) (noting that under rule 1.240 a plaintiff may proceed in interpleader even when he has caused the conflicting claims or is interested in the stake). So, it would appear that the Plan Administrator's concerns about the matter being dismissed if petitioned for in the State of Florida Circuit Court is unfounded, unwarranted, over thought and without merit as the likelihood of acceptance of the claim is high by the Circuit Court.

Interpleader is a two-stage action. See, e.g., *N & C Properties v. Vanguard Bank & Trust Co.*, 519 So. 2d 1048, 1050-51 (Fla. 1st DCA 1988); *Drummond Title Co. v. Weinroth*, 77 So. 2d 606, 609 (Fla. 1955). At the first stage of interpleader, the court

determines only whether interpleader is appropriate, and at the second stage the court determines the merits of the competing claims to the interpleaded property. See *Drummond Title Co.*, 77 So. 2d at 609. If the court determines that a claim for interpleader has been properly pleaded in step one, ***it may deposit the stake into the court registry*** or order alternative safekeeping. See, e.g., Bruce J. Berman & Peter D. Webster, Berman's Florida Civil Procedure § 1.240:5 (West's Fla. Prac. Series 2015 ed.). The court may also dismiss the plaintiff from the action and discharge the plaintiff from further liability regarding entitlement to the stake. See *id.* However, if the plaintiff faces liability to the claimants on theories that are independent from the entitlement to the stake, the court may keep the plaintiff in step two of the litigation to defend against those claims.

Accordingly, the Court has the power to not only order the interpleader action, but also may order the disputed funds or all funds subject to the dispute to be deposited into the Court maintaining the action for the interpleader. The funds held currently by the Plan Administrator would be more properly held by the Court governing the interpleader for safekeeping and reduce further charges to the estate for the Plan Administrator performing additional functions which could properly be handled in a non-bankruptcy forum.

## PREMATURE REQUEST

To the extent that the Court holds the relief prayed for in this this motion as premature, the Movant asks that the Court hold its decision in abeyance until the proper order is issued in relation to the June 17, 2024 oral pronouncement, ordering the interpleader is properly rendered.

I HEREBY CERTIFY THAT THE FOREGOING FACTS ARE TRUE, CORRECT AND COMPLETE UNDER PENALTY OF PERJURY.

/s/ _____

Raz Ofer
c/o 3701 DeGarmo Lane
Coconut Grove, FL 33133
Raz.ofer2@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of June 2024, a true and correct copy of the foregoing was served by email on all parties listed below.

/s/ _____

Raz Ofer
c/o 3701 DeGarmo Lane
Coconut Grove, FL 33133
Raz.ofer2@gmail.com

Mark Stuart Roher
Law Office of Mark S. Roher, P.A.
150 S. Pine Island Road, Suite 300
Plantation, FL 33324
United Sta
9543532200
Fax: 8776540090
Email: mroher@markroherlaw.com

Scott Neil Brown
Bast Amron LLP
Suntrust International Center
1 S.E. 3rd Avenue - #1440
Miami, FL 33131
305-379-7904
Fax: 305-379-7905
Email: sbrown@bastamron.com

**FLORIDA SHORT-FORM INDIVIDUAL ACKNOWLEDGMENT**
**F.S. 695.25**

State of Florida

County of __Broward__

By means of Online Notarization

The foregoing instrument was acknowledged before me this ___21___ day
*Date*
of ___June___, ___2024___,
*Month*     *Year*
by ___Raziel Ofer___,
*Name of Person Acknowledging*

who is personally known to me or who has produced ___Passport - Israel___
*Type of Identification*
as identification.

*Alexei Staikidis*
*Signature of Notary Public*

Notarized online using audio-video communication

Alexei Staikidis
Electronic Notary Public
State of Florida
Commission #: HH036427
Commission Expires: 08/25/2024

Alexei Staikidis
*Name of Notary Typed, Printed or Stamped*
Notary Public — State of Florida

Place Notary Seal Stamp Above

─────── **OPTIONAL** ───────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5181